## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF
AMERICA

vs.

GIOVANY JOEL CRESPO
HERNANDEZ

Case No.
6:24-cr-137-CEM-RMN

## PROTECTIVE ORDER

For the reasons stated in a separate Order (Dkt. 251), and with the agreement of the United States and Defendant Giovany Joel Crespo Hernandez (hereafter, "Defendant"), the Court issues this protective order.

It is hereby **ORDERED** that:

1.    The term "Protected Materials" includes investigative reports and any information relating to a cooperating witness's statements, prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a cooperating witness. The term "Protected Materials" further includes any document or information that the government produces pursuant to this Order.

2.    The term "Defense Team" refers to (a) Defendant's counsel of record, (b) defense investigators who may assist Defendant's

counsel of record with this case, (c) any retained experts or potential experts, and (d) paralegals, legal assistants, and other support staff to defendant's counsel of record—all of whom will be advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they all agree to be bound by the terms of the Protective Order. The term "Defense Team" does not include any named defendant as well as their family members, friends or associates, potential lay witnesses, or any other non-parties to this court action ("third party associates").

3.     Each Defendant's counsel of record shall advise all members of the Defense Team of their obligations under this Order prior to providing members of the Defense Team with access to any Protected Materials. The Defendant's counsel of record shall also advise Defendant and associated third parties, as needed, of the Defense Team's obligations under this Order.

4.     The government may produce reports and documents under this Order with the term "Protected" along with the watermark of the name of the defendant receiving the material. Upon receiving reports and documents marked by the government, the Defense Team shall treat such materials, including copies of such materials and any subsequent notes regarding said materials, as confidential. The Defense Team is not permitted to leave Protected Materials with a Defendant or third-party associate or otherwise provide access to the Protected Materials to a Defendant or third-party associate in a manner that permits, directly or indirectly, the copying, imaging, scanning, or

dissemination of the material. The Defense Team can show Protected Materials to, and discuss Protected Materials, with the Defendant. The Defense Team may not share the Protected Materials with a third-party associate of the Defendant.

5.     The Defense Team shall access and use Protected Materials for the sole purpose of preparing for trial. To the extent that notes are made that memorialize, on whole or in part, the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions themselves become Protected Materials and must be handled in accordance with this Order. The unauthorized copying, dissemination, and/or posting of copies, or the contents, of covered material in the public domain, including posting such material on the internet or through any form of social media shall constitute a violation of the terms of this Order.

6.     This order does not restrict the production to defense counsel that is required under the Court's pre-trial discovery orders.

7.     Within thirty days of the conclusion of any appellate and post-conviction proceedings, the Defense Team shall return the Protected Materials to the United States or certify that all Protected Materials have been destroyed.

**DONE** and **ORDERED** in Orlando, Florida, on March 19, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 3 -

Copies to:

Counsel of Record