UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 6:24-cr-137-CEM-RMN

KEVIN OMAR OCASIO JUSTINIANO

UNITED STATES' MOTION FOR
FINAL ORDER OF FORFEITURE

Pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of

Criminal Procedure, the United States hereby moves for a Final Order of Forfeiture

for approximately $16,000 in U.S. currency. In support, the United States submits

the following.

MEMORANDUM OF LAW

I.      Procedural History

1.      On May 5, 2026, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(5), and

28 U.S.C. § 2461(c), the Court entered a preliminary order of forfeiture for the

$16,000. Doc. 480.

II.     Notice to Parties with Potential Interest in the Funds

A.      Known Parties with a Potential Interest in the Funds

2.      The only person with a potential interest in the funds is George Michael

Justiniano Medina (Medina).  According to information provided by the defendant

and Medina, Medina was tasked with safeguarding a portion of the funds the

defendant obtained from his participation in the carjacking that occurred on April 11,

2024.  As a result, the United States does not believe that Medina has a valid legal interest in the funds.  Regardless, the United States sent Medina notice of these proceedings.

3.      As discussed below, pursuant to 21 U.S.C. § 853(n), the United States properly noticed Medina of these proceedings, via U.S. first-class mail and Federal Express. The notice package included a Notice of Forfeiture, an Acknowledgment of Receipt of Notice of Forfeiture, the Preliminary Order of Forfeiture, and a self-addressed, stamped envelope. *See* Exhibit A.

4.      On May 8, 2026, Medina received notice of these proceedings as evidenced by the Federal Express (tracking number 8714 7039 4585) delivery notification. *See* Exhibit B. The notice package sent via U.S. first-class mail was not returned and there is no indication that it was not delivered. Despite proper notice, Medina failed to file a claim to the funds.

**B.      Unknown Parties with a Potential Interest in the Assets**

5.      In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the asset on the official government website, [www.forfeiture.gov](www.forfeiture.gov), from May 6, 2026, continuing through June 4, 2026. Doc. 489. The publication gave notice to all third parties with a legal interest in the asset to file with the Office of the Clerk—United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801—a petition to adjudicate their interests within 60 days of the first date of

publication.

6.      No one has filed a claim to the asset and the time for doing so has expired.

## II.    <u>**Applicable Law**</u>

Pursuant to 21 U.S.C. § 853(n)(7), following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 853(n)(2), "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7). It is then appropriate for the Court to enter a final order of forfeiture in accordance with Rule 32.2(c)(2).

As required by 21 U.S.C. § 853(n), the United States published notice of the forfeiture on the official government website, www.forfeiture.gov. Doc. 489. Publication by internet is permitted in civil cases pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Federal Rules of Civil Procedure. Federal Rule of Criminal Procedure 32.2(b)(6)(C) provides that publication of notice of criminal forfeiture may be made by any means described in Supplemental Rule G(4)(a)(iv).

Publication gave notice to all those who might have an interest in the subject property of the United States' intent to dispose of the asset and gave instructions on filing a petition to adjudicate their interests in the asset. In accordance with those provisions, a person or entity had 60 days from the first date of publication to file a

petition with the District Court to adjudicate his interest. In this instance, the first date of internet publication was May 6, 2026. Accordingly, the final date for those who did not receive direct written notice to file a petition to adjudicate an interest in the asset was July 5, 2026, and the time for filing such a petition has expired.

As discussed above, George Michael Justiniano Medina (who failed to file a claim), is the only person known to have any interest in the funds.

Publication having been effected, and no claim or petition to adjudicate an interest having been filed, it is now appropriate for the Court to enter a Final Order of Forfeiture for the asset. The forfeited funds will be credited against the defendant's order of forfeiture.

### III.   Conclusion

The United States respectfully requests that, pursuant to 21 U.S.C. § 853(n)(7), and Rule 32.2(c)(2), the Court enter a final order forfeiting to the United States all right, title and interest in the asset described above for disposition according to law and vesting clear title to the property in the United States.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney