FILED - USDC - FLMD - ORL
AUG 18 2026 PM2:29

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **CESAR AUGUSTO SILVA FERNANDEZ** | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:24-CR-137-CEM-RMN** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **Respondent** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET-ASIDE, OR CORRECT A SENTENCE FOR A PERSON IN FEDERAL CUSTODY, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CESAR AUGUSTO SILVA FERNANDEZ, Petitioner, proceeding Pro-se, and respectfully files, for this Honorable Court's consideration, his Motion and Memorandum of Law In Support of his Motion to Vacate, Set-Aside, or Correct a Sentence for a person in federal custody, pursuant to Title 28, United States Code, Section 2255.

**JURISDICTION**

This Honorable Court has jurisdiction to entertain the instant motion pursuant to the dictates of Title 28, United States Code, Section 2255.

**STATEMENT OF THE CASE**

Cesar Augusto Silva Fernandez (hereinafter referred to as "Silva Fernandez"), Pled guilty to Counts Three and Four of the Indictment which charged him as follows: Count Three (3): Aiding and Abetting Interference with Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a), (b), and 2; Count Four (4): Aiding and Abetting Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of Title 18, United

States Code, Section 924(c)(1)(A)(ii) and 2. On November 18, 2025, Petitioner received a total sentence of 147 months in federal prison to be followed by 5 years of supervised release and a $200 assessment fee.

**"PRO-SE" TITLE 28, UNITED STATES CODE, SECTION 2255 FILING A LESS STRINGENT STANDARD**

Silva Fernandez respectfully requests this Honorable Court to hold his "Pro-se" motion, herein prepared and filed pursuant to Title 28, United States Code, Section 2255, to a less stringent standard than formal pleadings drafted by practicing attorneys as held by the Supreme Court of the United States. Moreover, Silva Fernandez asserts that this complaint should not be dismissed for failure to state a claim, unless it appears beyond doubt that Silva Fernandez can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

Likewise in a Section 2255 proceeding, the District Court must accord a Petitioner with an evidentiary hearing "unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." If the records are inadequate to show conclusively that the prisoner's contentions are without merit, the District Court must conduct a hearing. *Anderson v. United States*, 948 F.2d 704 (11th Cir. 1991).

Silva Fernandez asserts that, it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 811 (1979). In determining whether a claim or error is cognizable under Section 2255, a distinction is drawn between constitutional errors on the one hand, and mere errors of law on the other, See

*Grimes v. United States*, 607 F.2d 6, 10-11 (2d Cir. 1979).

Moreover, a petitioning "Pro-se" prisoner whose claim is based on "a significant denial of a constitutional right" or "an error of significant constitutional dimension," may invoke protections embodied in Section 2255 "even though he could have raised the point on appeal and there was no sufficient reason for not doing so." See *United States v. Coke*, 404 F.2d 836, 846-47 (2d Cir 1968) (en banc).

Consequently, a defendant generally bears the risk of attorneys' errors which result in a procedural default. Such errors cannot be attributed to the defendant when counsel's performance is constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. But, where a trial, sentencing, or appellate counsel is constitutionally ineffective, and his or her deficient performance results in actual prejudice to the defendant, the exceptional circumstances for the Section 2255 remedy is apparent. *Reed v. Ross*, 468 U.S. 1, 9, 104 S.Ct. 2901 (1984).

Further, relief under Title 28, United States Code, Section 2255 is reserved for transgressions of constitutional rights, claims, or errors and will not bar habeas relief under Section 2255, absent a deliberate choice not to appeal made by conscious election. *Kaufman v. United States*, 394 U.S. 217, 220, n.3, 89 S.Ct. 1068, 1070-71, n.3, 22 L.Ed.2d 227, 233-34 (1969); *Buckelew v. United States*, 575 F.2d 515, 519 (5th Cir. 1978).

**ISSUE I. SILVA FERNANDEZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION**

The United States Supreme Court in *Gideon v. Wainwright*, 372 U.S. 335, 339, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), recognized that the source of the right of effective assistance of

counsel was the specific Sixth Amendment guarantee of the right to assistance of counsel, made obligatory upon the states by the due process clause of the Fourteenth Amendment, *Argersinger v. Hamlin*, 407 U.S. 25, 34, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

In *Strickland v. Washington*, 466 U.S. 668, 678, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-part test to determine when the Constitution requires a criminal judgment to be overturned because of ineffective assistance of counsel: (1) deficiency of trial counsel's performance; and (2) a showing that the deficient performance prejudiced the defense.

To meet the prejudice prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2064. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The reviewing court "must consider the totality of the evidence before the judge or jury." *Id*. At 695, 104 S.Ct at 2069.

The ineffective assistance of counsel must clearly establish both prejudice and deficient performance in order to be raised successfully. It is not enough for a defense to be admittedly shoddy; that shoddiness must directly impact upon a defendant's final outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1993); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

The above has been and remains the accepted standard of review for determining whether defendant's counsel has fulfilled his constitutionally mandated mission, or whether his

inadequacies are beyond the pale of accepted behavior and cry for reversals.

The Sixth Amendment right to counsel means far more than a mere presence of a warm body. Counsel must play a role necessary to ensure that the proceedings at hand are fair, especially at those stages of the legal process that have been termed "critical." A critical juncture is one which substantially affects the right of the defendant. *Mempa v. Ray*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1969), and where the lack of effective representation could be deemed by reasonable jurists to be highly prejudicial. Recognized critical stages can include the entire gamut of the legal process from the day of arrest through sentencing and beyond, and need not be broad and interwoven but simply an isolated error if the particular error is sufficiently egregious and prejudicial. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). It is a client's right to expect that his "lawyer will use every skill and expend every energy, and tap every legitimate resource in the exercise of independent professional judgment on behalf of his client and is undertaking representation on the client's behalf." *Frazier v. United States*, 18 F.3d 778, 785 (9th Cir. 1994); *Woodward v. Collins*, 989 F.2d 1027, 1028 (5th Cir. 1990).

That then counsel, Michelle Yard, (hereinafter referred to as "Ms. Yard") did not discharge her duty in accordance with the requirements of the Sixth Amendment and in doing so was deficient in her performance. There was no "performance" by counsel in the instant offense; rather, should be termed "a performance," that is, an orchestrated attempt to obfuscate and conceal her own deficiencies; deficiencies concerning lines of inquiry never explored, and issues of great importance to her client swept aside.

A more retrospective adumbration of issues at sentencing in response to a Presentence

Investigation Report (PSR) is not a strategic and coherent defense. By the time of sentencing, foundational and substantive issues have already been decided. Sentencing is, in fact, a time for meting out punishment and for final clarifications that relate to it. It is not a willy nilly attempt to conceal gross negligence and inadequacies obvious to the most modest of jurists by registering objections to the PSR solely for the purpose of making a record to protect her own deficiencies against her own failures at a later date.

While it is the true purpose of an ineffective assistance of counsel argument, especially when applied to a pro-se defendant in the light of liberal construence to seek an in-depth review of the record for fundamental grossness, unfairness and prejudice rather than to expound upon each individual inequity, it is worthwhile here as an indicator, to reframe briefly the more egregious malfeasance of Ms. Yard.

**(A) Counsel was ineffective for failure to investigate Petitioner's Case.**

Ineffectiveness of counsel is clear if the attorney fails to investigate a plausible line of defense or interview possible witnesses. *Jones v. Jones*, 988 F.Supp. 1000, 1002 (E.D. La 1997). This failure by counsel can hardly be considered strategic choices since counsel, by his or her failure, has not obtained the facts upon which such a factual decision could be reasonable made. *Nealy v. Cabana*, 764 F.2d 1173 (5th Cir. 1985); *Bryant v. Scott*, 28 F.3d 1411, 1417 (5th Cir. 1994); *Profitt v. Waldron*, 831 F.2d 1245 (5th Cir. 1987); *United States v. Craig*, 878 F.2d 702 (3rd Cir. 1989).

Counsel has a duty to conduct reasonable investigation. See Wiggins v. Smith, 539 U.S. 510, 521-23 (2003). The Fifth Circuit recognizes ineffective assistance where counsel fails to

investigate facts affecting sentencing. Anderson v. Johnson, 338 F.3d 382, 392 (5th Cir. 2003).

In the case at bar , Silva Fernandez's attorney failed to thoroughly investigate his case. Silva Fernandez asserts that he told Ms. Yard, at sentencing, that he wanted to appeal the sentences imposed by the U.S. District Court because the sentences was much greater than the sentences of no more than five (5) years she had told Silva Fernandez he would receive if the pled guilty to Court Four and Five of the Indictment.

Silva Fernandez further asserts that he asked Ms. Yard to investigate the confidential source(s) ("CS") used on his case by law enforcement officials. Silva Fernandez asked Ms. Yard to obtain information, by law enforcement, on the CS, information such as, but no limited to: how long had the CS been working for law enforcement; any/all criminal history of the CS; to obtain a copy of the contract between the CS and law enforcement; amount of monetary compensation paid to the CS; any promises made to the CS by law enforcement authorities such as, but not limited to: any possible reduction on the CS's sentence, if CS was under criminal justice proceedings, any/all charges been dismissed to the CS return for the CS's cooperation.

Furthermore, Silva Fernandez asserts that he tried to communicate with Ms. Yrad, but it was difficult because of the language barrier. Silva Fernandez further asserts that Ms. Yard failed to visit him when he requested her to visit him, through his relatives, because he wanted to know about his case and wanted to review the evidence the government had provided. Silva Fernandez asserts that throughout his criminal proceeding he was blind and the few times he saw Ms. Yard did not understand well that she was explaining to him because it seemed that Ms. Yard was always in a hurry to leave.

**(B) Ineffective Assistance of Counsel for Failure to File a Notice of Appeal**

Silva Fernandez asserts that he asked Ms. Yard, after sentencing, to file on his behalf a notice of appeal to the Eleventh Circuit Court of Appeals. Ms. Yard told Silva Fernandez and his relatives that she was going to file the notice of appeal which she never did. Furthermore, Silva Fernandez asked Ms. Yard, on repeated occasions through his Mother, for copies of the discovery on his case to which she failed to provide him with copies or explain the content on his discovery. See Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005) (Failure to file a requested notice of appeal constitutes ineffective assistance even where a plea agreement contains an appeal waiver.) Moreover, Silva Fernandez asserts that Ms. Yard failed to review discovery with him. Silva Fernandez asserts that Ms. Yard's behavior was not professional at all; rather, it seemed that she was more interested in finishing Silva Fernandez's case and move on, rather than to actually hear his concerns and at least attempt to be effective as the Sixth Amendment mandates.

Ms. Yard's erroneous advice; lack of preparation for Silva Fernandez's case; lack of effort to research Silva Fernandez's case; not obtaining information about the CS and law enforcement officers that participated in his case; Ms. Yard's failure to file a notice of appeal as Silva Fernandez requested him to do and other ineffectiveness related to his case clearly demonstrates that there was no performance as guaranteed by the Sixth Amendment of the United States Constitution to effective assistance of counsel by Ms. Yard.

Requisite prejudice regarding the above is plain. At any point along a given continuum, Silva Fernandez could have received significantly less time than the 147 months that he received. Ms. Yard's seeming lack of preparation and professionalism cost her client the

possibility of a lesser sentence. Ms. Yard's inability to defend her client adequately and within the scope of the Sixth Amendment and well settled law is woven indelibly throughout the fabric of this proceeding. Ms. Yard's actions bespeak gross ineffectiveness, ineffectiveness which in the most fundamental sense betrayed and prejudiced her client.

The Scope of such ineffectiveness belies a mere lack of knowledge. When the above fails to convince, one must concede bad faith.

**ISSUE II. SILVA FERNANDEZ IS ENTITLED TO AN EVIDENTIARY HEARING**

Silva Fernandez contends that because of the nature of his claim in the present motion, he should be granted an evidentiary hearing to further prove his claims. Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. Rule 4(b) of the rules governing Section 2255 proceedings in the United States District Court provides that a hearing need not be held if it plainly appears from the face of the motion that Silva Fernandez is entitled to relief. "Thus, a petition can be dismissed without a hearing if the Petitioner's allegations, accepted as true, would not entitle Petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusion, rather than statements of fact." *Dzivrot v. Luthor*, 897 F.2d 1222, 1225 (1st Cir. 1990). However, the Fifth Circuit has indicated that the Petitioner need only show an "independent indicia of the likely merit of his contentions." *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1988).

In the present case, if the Court takes Silva Fernandez's claims as true, as it must for the

determination, it is apparent that Petitioner has stated claims for which relief would be granted. Furthermore, Silva Fernandez has shown, through statutes and case law, that there is merit to all of his allegations.

## CONCLUSION

**WHEREFORE,** Premises Considered, Silva Fernandez prays to this Honorable Court to grant him an evidentiary hearing to resolve the issues set forth herein. In the alternative, Silva Fernandez requests this Honorable Court to vacate and set aside his conviction and/or sentence in the best interest of justice.

Done this 10 day of Aug, 2026

Respectfully submitted

Cesar Silva

Cesar Augusto Silva Fernandez
Reg. No. 54812-511
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824